**In the Matter of Betty Joann HARPER, Debtor.**

**Bankruptcy No. 80–03005A.**

United States Bankruptcy Court, N. D. Georgia.

May 28, 1981.

---

9. See fn. 1, *supra.*

10. See fn. 1, *supra.*

396

Richard N. Barg, Atlanta, Ga., for petitioner.

J. Sam Plowden, Atlanta, Ga., for trustee.

ORDER

WILLIAM L. NORTON, Bankruptcy Judge.

The debtor's Chapter 13 plan proposes to pay all deficiencies to secured creditors through the Chapter 13 trustee and to keep the secured creditors current outside the plan and provides that unsecured creditors are to be paid amounts which compute to 1% of the each allowed claim over a period of 18 months. Goodyear Tire and Rubber, one of the unsecured creditors of the debtor objected to the confirmation of the debtor's plan.

Goodyear's objection is based on the argument and obvious fact that the unsecured creditors would receive substantially more if the plan were to continue for three years instead of the proposed 18 months. Noting the deficiency paid to the secured creditors will be paid out in 18 months, Goodyear argues that the full amount deducted from the debtor's salary under the plan could continue to be paid to unsecured for three years thereby geometrically increasing the amount paid to unsecured creditors. Goodyear argues that this payment over three years would amount to good faith and that the debtor's proposal lacks good faith under 11 U.S.C. § 1325(a)(3) by failing to extend the payments for three years. There is no factual showing as to debtor's reason for proposal to pay for 18 months or debtor's financial ability to make payments beyond that period.

Goodyear argues that the definition of good faith is "[a]n honest intention to abstain from taking unconscientious [sic] advantage of another, even through technicalities of law ...",[1] and that the debtor is taking an unconscionable advantage of Goodyear and the other unsecured creditors through a technicality of Chapter 13 of the Bankruptcy Code.

The Black's Law Dictionary definition quoted above is inappropriate as a definition of good faith as used in Section 1325(a)(3). Good faith as used in Section 1325(a)(3) has a meaning consisting of two elements: (1) honesty of purpose and (2) full and complete disclosure of the financial facts of the debtor. *In re William Grant Wiggles*, (BC, ND Ga.1980). 7 B.R. 373, 6 BCD 1326. Because Goodyear has not shown any lack of honesty of purpose in the proposal of the plan and has not shown any failure to provide full and complete disclosure of her assets, liabilities and current financial condition, it has failed to demonstrate that the plan of the debtor has not been "proposed in good faith" § 1325(a)(3).

Nor is the failure of a debtor to propose payments for the three year period allowed by § 1322(c) in itself, without more, a showing of lack of honesty or failure to make complete disclosure and, thus, a lack of Section 1325(a)(3) good faith.

Section 1322(c) of the Bankruptcy Code allows the debtor to propose a plan of payments to creditors over a three year period, but not longer, unless the court, for cause shown by the debtor, approves a longer period, which, in any event, may not exceed five years. The period of payment is the option of the debtor if the plan otherwise meets the standards of § 1325(a). While it may be reasonable to assume that Congress expected the debtor normally to propose payments for three years if necessary to make full or substantial payments to creditors, nevertheless, the statute makes no demand upon the debtor to propose a plan for any specific period. Chapter 13 is founded

1. Black's Law Dictionary, 5th Edition.

on a concept of voluntariness of debtor action.[2]

Thus Section 1325(a)(3) is satisfied as a standard of confirmation of the proposed plan.

Section 1325(a)(4) provides the only quantitative standard for the confirmation of a Chapter 13 plan:

"The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date; ...."

The evidence shows that debtor's plan to pay unsecured creditors amounts which compute to 1% of the allowed claims of the unsecured creditors proposes to pay more than they would receive in a Chapter 7 liquidation case. Thus, subparagraph (a)(4) of Section 1325 is satisfied as a standard of confirmation.

Goodyear makes no further argument as to why the plan should not be confirmed. All other standards of confirmation of § 1325(a) seem satisfied. The plan is confirmed.

It is so ORDERED.

---

**2.** See H.R.Rep. 95–595, 95th Cong., 1st Sess., 120 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.